**UNITED STATES of America,**
**Appellee,**

v.

**Marvin OGMAN, Defendant–Appellant.**

No. 06–0203–cr.

United States Court of Appeals,
Second Circuit.

April 7, 2008.

Sally Wasserman, New York, NY, for Defendant–Appellant.

Michael E. Runowicz, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, of counsel) for Kevin J. O'Connor, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. LORETTA A. PRESKA, District Judge.[1]

### SUMMARY ORDER

Defendant–Appellee Marvin Ogman appeals the district court's judgment, following two separate guilty pleas, convicting him of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846 (the "conspiracy charge"), and possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (the "cocaine-base charge"). We assume the parties' familiarity with the facts and procedural history of the case.

The district court sentenced Ogman principally to two concurrent terms of 95 months' imprisonment for his offenses.

When reviewing a district court's sentence calculation, we "must first ensure that the district court committed no significant procedural error." *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). If the district court's sentencing decision is procedurally sound, we then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

■ Ogman challenges the reasonableness of his sentence on two grounds. First, he argues that the district court should not have considered the cocaine-base charge as an offense of conviction in calculating his guideline range, on the ground that he was charged with this offense only after he expressed his desire, during plea negotiations, to go to trial on the conspiracy charge. Ogman offers no authority, however, and we are aware of none, that would permit a district court in these circumstances to not consider all offenses to which a defendant pleads guilty when calculating a sentence. Ogman voluntarily pled guilty to both crimes with which he was legitimately charged. Thus, the district court reasonably considered both convictions in calculating his sentence. *See United States v. Stanley,* 928 F.2d 575, 582 (2d Cir.1991) ("[T]he fact that a charge was used in plea bargaining does not mean that the penalty mandated by statute does not apply."); *see also Bordenkircher v. Hayes,* 434 U.S. 357, 365, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (holding that a prosecutor's threat to bring more serious charges to induce a plea bargain "no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution").

Second, Ogman argues that the district court unreasonably denied his motion for departure from criminal history category VI because it overstated his actual criminal history. We need not reach this issue because a district court's refusal to depart generally is not appealable. *United States v. Valdez,* 426 F.3d 178, 184 (2d Cir.2005). Review is available only "when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *Id.* Here, nothing in the record suggests that the district court misunderstood its authority to grant a departure or that the sentence was otherwise illegal. In fact, the district court explicitly acknowledged its authority to depart and exercised its discretion not to do so. [A 136] In any event, the district court acted well within its discretion not to depart in light of Ogman's status as a career offender. *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.").

Finally, we note that our recent decision in *United States v. Regalado,* 518 F.3d 143 (2d Cir.2008), does not counsel in favor of, much less require, a remand in this case. Unlike in *Regalado,* where we remanded to allow the district court to determine "whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the [crack] *Guidelines* to serve [the objectives of sentencing under 18 U.S.C. § 3553(a) ]," *id.* at 149 (emphasis added), the Guideline range applied to Ogman's case was not the result of the 100–to–1 powder to crack ratio, but rather resulted from his undisputed status as a career offender under U.S.S.G. § 4B1.1(a), coupled with the *statutory* maximum term of life imprisonment for his cocaine-base offense, 21 U.S.C. § 841(b)(1)(A)(iii). *See* U.S.S.G. § 4B1.1(b)(A).

For the foregoing reasons, the district court's judgment is AFFIRMED.